*Third Judicial District.*

## In the Common Pleas of Northampton County.

### SCOTT & SONS *v.* REYER, BRO. & CO.

The casual expression of an opinion by a juror made during the trial of a cause, and before the case is closed, that the defendant will lose the case, is not a good reason for a new trial ; nothing short of a pre-judgment will be good cause. To pre-judge a case is that condition of mind, which has arrived at a conclusion so irrevocably fixed, as not to be liable to be changed, or to be open to persuasion, or to a different conviction, upon the production of testimony, or evidence, which ought reasonably to produce a different conclusion.

Sur reasons for a new trial.

Opinion delivered March 3, 1870, by

LONGAKER, P. J. The only reason alleged for a new trial, is that one of the jurors expressed the opinion—while the trial was progressing—that the defendants would lose the case. The deposition discloses the fact, that William Baer, one of the jurors, during the adjournment of the court, had a conversation with Mr. Beck, the deponent, as follows—Mr. Beck, says : " I came out from dinner at Henry Whitesell's hotel ; I asked him what was up in court, he said the case of Reyer & Bro. & Co.; then I asked him how it looked, then he said the Reyers would lose it ; I then asked him why? and he said, they had confused the testimony of Thomas Beck, who was their principal witness."

That a pre-judgment is a good reason to set aside the verdict of a jury, is well established ; a pre-judgment, however, differs greatly from the mere expression of an opinion based upon testimony produced and heard upon a trial. An expression of opinion, even if it be based upon the testimony as far as given, and before the case is closed, and formed without due reflection, in a casual conversation, and with no settled intent to act upon it, is not a pre-judgment.

Pre-judging, and giving an opinion upon facts, as they are then believed to be, are very different conclusions. The first implies a strong disposition to favor the one side or the other, regardless of the testimony, a fixed determination to find in favor of a particular party, let the evidence be what it may. The last involves a belief in the facts as they were supposed to exist at the time the opinion is declared—they are impressions formed from existing facts, which, it is to be presumed, will be removed by the production of evidence showing a different state of facts. Pre-judgment involves a charge of gross misbehavior, amounting to criminality in the juror ; it is a determination to decide in favor of a particular party right or wrong. McCausland *v.* Crawford, 1 Yeates 378 ; Com. *v.* Flanaghan, 7 W. & S. 420.

To express an opinion casually during the progress of a trial, is most natural, and it is to be regarded as an expression only upon the testimony as far as the case has been heard ; nor, it is not to be presumed, that it will be persisted in, if during the further progress of the trial other testimony is adduced and new developments are made, which lead, or ought to lead, to a different conclusion. It is, however, far better for jurors, not to form opinions, were it possible, and most especially not to express them before the case is fully given them in charge. The mind, however, is so constituted that it constantly alternates during the progress of the trial, first receiving one impression and then quickly changing and adopting another thought, as each varying phase of the testimony is presented ; but such mental operations are not settled convictions nor unchangeable opinions, much less are they a pre-judgment. To judge a case legally, presupposes that condition of mind in the juror, which is open to a reasonable conviction. To pre-judge a case is that condition of mind which has arrived at a conclusion so irrevocably fixed as not to be liable to be changed or to be open to persuasion, or to a different conviction upon the production of testimony or evidence which ought reasonably to produce a different conclusion.

If verdicts are to be set aside upon the facts here presented, it is to be feared that few, if any, would ever survive such a rule of law. All that would be required would be that some meddlesome or designing person should entrap an unwary juror into the expression of an opinion (without the knowledge of the unsuccessful litigant), and as soon as the verdict is

announced, make it the reason for a new trial.    It is necessary in order that the fruits of a verdict shall not perish, that such a rule shall not be declared.    The motion is denied and reason dismissed.

*O. H. Myers*, Esq., for the motion ;  *W. W. Schuyler*, Esq., contra.

## Supreme Court of Pennsylvania.

### EASTERN DISTRICT.

## APPEAL OF JOHN S. HAINES.

1.  An Act of Assembly cannot vest in a tribunal like a court of chancery, acting without a jury, the power to determine upon the legal right of parties, unless there exists some equitable ground of relief.

2.  The Act of April 28, 1868, relating to the extinguishment of ground rents, is unconstitutional.

**Appeal from an order of the Court of Common Pleas of Philadelphia County,**

Opinion delivered March 6th, 1873, by

SHARSWOOD, J.    The only ground upon which the constitutionality of the act of April 28th, 1868, Pamphlet Laws, 1147, can be supported under the decisions of this court in North Pennsylvania Coal Co. *v.* Snowden, 6 Wright, 488 ;  Norris' Appeal, 14 P. F. Smith, 275, and Tillmes *v.* Marsh, 17 *Ibid.* 507, is that it is a proceeding within the jurisdiction of a court of equity.    It must certainly be considered as settled by those cases, that an act of Assembly cannot vest in a tribunal like a court of chancery, acting without a jury, the power to determine upon the legal rights of parties, unless there exists some equitable ground of relief.    We may look in vain for any principle or authority to sustain a bill praying for a decree under the facts and circumstances, as disclosed in the petition filed in the court below.    As to the power which has been principally relied on, to order deeds or instruments to be delivered up and cancelled, there is always some ground of equity upon which the chancellor has interposed, besides the mere fact that the instrument cannot be enforced at law.    There must be some danger of future litigation, when the facts will be no longer capable of complete proof, or have become involved in the obscurities of time.    2 Story's Eq. Jur., § 705. This is the reason upon which a bill *quia timet* may be sustained.    No case has been produced, and we think none can be, which goes the length which must be maintained here, that wherever there is an outstanding claim or incumbrance upon an estate which is barred by reason of